[No. 43214.   En Banc.   December 5, 1974.]

NAOMI L. RYAN, *Individually and as Executrix, Petitioner,* v. CUNA MUTUAL INSURANCE SOCIETY, *Respondent.*

*Wayne Gladstone,* for petitioner.

*Homer A. Crollard* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondent.

UTTER, J.—Cuna Mutual Insurance Society appeals a

grant of a summary judgment in favor of Naomi L. Ryan, the widow of one of Cuna's policyholders who was insured under a credit life insurance policy. The Court of Appeals granted judgment in favor of Cuna and reversed the trial court.

Two issues are raised on appeal. First, under the terms of this policy, is the requirement of evidence of individual insurability in a noncontributory group credit life insurance contract permissible where more than 75 percent of those eligible for coverage are enrolled? Second, assuming evidence of individual insurability is permissible, is a "Risks Not Assumed" clause a proper means of gathering evidence of insurability? We hold evidence of individual insurability may be required, but that the "Risks Not Assumed" clause is an improper method of doing so, and affirm the trial court.

In 1964, Cuna Mutual and Hanford Federal Credit Union entered into a group credit life insurance contract under which Cuna insured the lives of certain member borrowers of Hanford to the extent of indebtedness outstanding at the time of their death. Premiums on the contract were paid by Hanford from nonidentifiable charges to debtors. All the debtors in the covered classes were insured and there were more than 100 new entrants in the classes each year. The contract between the parties was approved by the Insurance Commissioner and contained a "Risks Not Assumed" clause which read in part:

> CUNA Mutual does not assume the risk and no Benefit is provided for any loss if any material contributing cause of loss was from sickness or injury which first became manifest prior to the time insurance coverage is otherwise effective under this Contract, except for such loss occurring 6 months after coverage is otherwise effective.

A separate clause of the contract reserved the right to Cuna to require evidence of insurability satisfactory to it as a condition of the coverage by issuing an endorsement to be

attached to the individual policy prescribing conditions under which such information would be required.[1]

In 1971, Hanford loaned Boyd A. Ryan, petitioner's husband, $3,945.45. Credit life insurance was obtained under the contract. There was no endorsement requiring evidence of insurability attached to the policy. Within 6 months Mr. Ryan died of an illness which had become manifest prior to the time of the loan. At the time of Mr. Ryan's death, there was an outstanding indebtedness. Cuna denied coverage, contending the conditions of Mr. Ryan's death placed its indebtedness within the "Risks Not Assumed" exception to the policy.

The questions on appeal are resolved by an examination of two applicable statutes. RCW 48.24.040(2) provides in part:

A policy on which part or all of the premium is to be derived from the collection from the insured debtors of identifiable charges not required of uninsured debtors shall not include, in the class or classes of debtors eligible for insurance, debtors under obligations outstanding at its date of issue without evidence of individual insurability unless at least seventy-five percent of the then eligible debtors elect to pay the required charges. A policy on which no part of the premium is to be derived from the collection of such identifiable charges must insure all eligible debtors, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer.

RCW 48.24.040(3) provides:

The policy may be issued only if the group of eligible debtors is then receiving new entrants at the rate of at least one hundred persons yearly, or may reasonably be expected to receive at least one hundred new entrants during the first policy year, and only if the policy re-

---

[1]"STATEMENT OF INSURABILITY. CUNA Mutual reserves the right to require a Member eligible for insurance to furnish evidence of individual insurability satisfactory to CUNA Mutual as a condition to part or all of the coverage provided under this Contract upon issuance to the Credit Union of an Endorsement to be attached hereto prescribing the conditions under which such evidence shall be required and the classes of loans to which applicable."

serves to the insurer the right to require evidence of individual insurability if less than seventy-five percent of the new entrants become insured.

We hold that this statutory language permits Cuna to require evidence of individual insurability. Ryan argues that RCW 48.24.040 (3), by allowing issuance of new policies "only if the policy reserves to the insurer the right to require evidence of individual insurability if less than seventy-five percent of the new entrants become insured," prohibits demands for evidence where more than 75 percent of new entrants enroll. But this provision can have no application at all to noncontributory policies, as under such policies enrollment will always be 100 percent since the debtors have no option but to enroll. RCW 48.24.040 (2) allows exclusion under noncontributory policies where evidence of insurability is not satisfactory and therefore implicitly authorizes the requirement of that evidence under such policies.

■ Although we conclude evidence of individual insurability may be required, the "Risks Not Assumed" clause used by Cuna is not a proper way to gather that evidence. RCW 48.24.040 (2) states that noncontributory policies "must insure all eligible debtors, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer." This indicates that, other than age which is specifically allowed as a criterion for exclusion by RCW 48.24.040 (1), the sole ground on which exclusion from coverage in this type of policy can be based is actual evidence regarding an individual who does not satisfactorily demonstrate insurability. The statute, both here and in subsection (1) states that, but for a few permissible exclusions, those covered by the policy shall be all the debtors of the creditor.

■ This is further reflected in RCW 48.24.140, which provides that the circumstances under which evidence of insurability will be required as a "condition to . . . coverage" be set out. Coverage means the assumption of risk of occurrence of the event insured against before its occurrence. *Freimuth v. Glens Falls Ins. Co.*, 50 Wn.2d 621,

314 P.2d 468 (1957). The evidence of insurability must therefore be required before the event, not after. The purpose of this provision is to require that exclusions based on noninsurability take place only under circumstances where the person excluded has the opportunity to seek coverage elsewhere. This would be frustrated if insurers were allowed to replace such notification with a blanket provision such as the "Risks Not Assumed" clause.

█ It was the apparent intent of the framers of these provisions that risk spreading in credit life insurance contracts be maximized and blanket exclusions be prohibited. The cost of inclusion of high-risk individuals, unless they are subjectively found to be ineligible, is to be borne by the insured group as a whole. Transferring that cost to the successors of individuals determined after their deaths to fall within an excluded group is inconsistent with this purpose and with the plain language of the statute.

The Court of Appeals is reversed and the judgment of the trial court is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.