[No. 10841–7–I. Division One. March 26, 1984.]

DEBRA JEAN CANTWELL, *Appellant,* v. SAFECO
INSURANCE COMPANY, *Respondent.*

*Chambers & Young* and *Thomas J. Chambers,* for
appellant.

*Brian F. Kreger,* for respondent.

SODERLAND, J.*—Appellant Debra Jean Cantwell was injured while riding in an uninsured vehicle owned by Carl McKenzie which left the road and rolled over. Cantwell was included as a covered person under her stepfather's Safeco policy. The policy contained an underinsured motorist provision.

Cantwell filed suit under RCW 7.04.040 to compel Safeco to arbitrate and secured an order to show cause. She alleged that she was a passenger in the uninsured vehicle. Safeco filed an answer and counterclaim. Safeco denied Cantwell's allegations, requested affirmative relief under RCW 7.04, including findings and conclusions on the contested issues, and prayed for dismissal of the complaint with prejudice.

The matter came before the court on the motion calendar and was put over to another date because more time was needed. Both sides filed affidavits. Safeco claimed that Cantwell was not entitled to recover or to proceed to arbitration because she had been the driver at the time of the accident. The trial judge considered the affidavits and heard argument of counsel, but took no evidence. The judge entered findings of fact and found as a fact that Cantwell was the driver at the time of the accident, and dismissed Cantwell's complaint with prejudice.

The trial court was in error. There was no basis for the court to enter findings of fact because no evidence had been taken. The court did not follow the procedure mandated by RCW 7.04.040. The court has no power under that statute to decide disputed issues of fact without a trial.

The statute under which the court was proceeding reads as follows:

(1) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the court for an order directing the parties to proceed with the arbitration in accordance with their agreement. Eight

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

days notice in writing of such application shall be served upon the party alleged to be in default. Service thereof shall be made in the manner provided by law for service of a summons in a civil action in the court specified in RCW 7.04.020. If the court is satisfied after hearing the parties that no substantial issue exists as to the existence or validity of the agreement to arbitrate or the failure to comply therewith, the court shall make an order directing the parties to proceed to arbitrate in accordance with the terms of the agreement.

(2) If the court shall find that a substantial issue is raised as to the existence or validity of the arbitration agreement or the failure to comply therewith, the court shall proceed immediately to the trial of such issue. If upon such trial the court finds that no written agreement providing for arbitration was made or that there is no default in proceeding thereunder, the motion to compel arbitration shall be denied.

RCW 7.04.040.

 This statute establishes a motion procedure through which a party, on 8 days' notice, can get the case moving to arbitration if there is no dispute over the right to arbitrate, or moving immediately to trial if there is such a dispute. The issue before the court, when hearing an application under RCW 7.04.040, is whether any substantial issue exists as to the right to have an arbitration hearing. If there is no such issue, the court orders the parties to arbitrate pursuant to the agreement. If the court finds that a substantial issue is raised as to the right to have an arbitration hearing, there shall be an immediate trial of that issue. The trial court is not authorized to settle the issue upon a motion without a trial. Whether the court shall compel arbitration depends on the outcome of the trial.

Here, Cantwell's claim against Safeco was dismissed on the basis of a factual finding without a trial. The affidavits presented to the trial court demonstrate a factual conflict. Therefore, a trial is essential. Cantwell suffered retrograde amnesia and could not state of her own knowledge whether she was driving or not. Carl McKenzie, the owner of the uninsured vehicle, states in his affidavit that Cantwell was

driving at the time of the accident. He says she drove from the time they left a certain grocery store. A passenger who was asleep in the backseat at the time of the accident says by affidavit that Carl McKenzie was driving when they left that grocery store and when they crossed a bridge before getting to the accident scene. There is a direct factual conflict. There were affidavits as to the location of the people in the vehicle after it had rolled over. Varying inferences could be drawn from the facts. The trial judge commented that the preponderance of the evidence pointed to Cantwell as the driver. But that issue was not before the court on the showing made by affidavits. It merely emphasizes the need for a trial.

The underinsured motorist provision in the policy stated:

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident.

The parties have agreed that the owner of the vehicle was uninsured and that Cantwell was an additional covered person under her stepfather's Safeco policy. If Cantwell was the driver of the uninsured vehicle, she could not recover under the language of the underinsured motorist provision because she would not be legally entitled to recover damages from herself as the driver. The agreement to arbitrate would not apply if, under the language of the policy, the covered person is not entitled to recover from anyone. The resolution of the factual issue as to who was driving disposes of the question of coverage. Under RCW 7.04.040 the issue of the applicability of the arbitration clause is an issue "as to the existence . . . of the arbitration agreement". It is not the same as a factual dispute over the liability of an uninsured driver.

The question of coverage is a matter for the court to decide and is not an issue for arbitration. The issues of liability and injuries and damages are the issues to be arbitrated. *Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 520 P.2d 1368 (1974); *Rau v. Liberty Mut. Ins.*

*Co.,* 21 Wn. App. 326, 585 P.2d 157 (1978). We hold that the factual dispute over who was driving is for the court to decide because that issue determines the applicability of the policy provisions.

The findings of fact, conclusions of law and order of the trial court are reversed and the case is remanded to the trial court to proceed to trial on the issue of who was driving the uninsured vehicle. Whether or not to order arbitration depends upon the outcome of that factual dispute.

CALLOW and RINGOLD, JJ., concur.