[No. 10312–5–II. Division Two. August 12, 1987.]

DOLLY KRAUS, *Respondent,* v. GRANGE INSURANCE ASSOCIATION, *Petitioner.*

*David C. Nordeen* and *Weber & Baumgartner,* for petitioner.

*Duane Lansverk* and *Landerholm, Memovich, Lansverk & Whitesides,* for respondent.

PETRICH, J.—This court accepted discretionary review of the trial court's order compelling Grange Insurance Association to arbitrate with its insured, Dolly Kraus, as provided in its underinsured endorsement to its automobile liability policy.[1]

The question before us is: When the obligation to pay under an underinsured motorist endorsement to an automobile liability insurance policy is disputed by the insurance company because it believes that the damages to its insured do not exceed the limits of the tortfeasor's liability insurance, may arbitration of the damages, as provided in the underinsured endorsement, be compelled? We are satisfied that arbitration is required and affirm.

Dolly Kraus was injured in an automobile accident with another driver on September 14, 1983. At the time of the accident, Kraus was insured by a Grange policy that contained an underinsured motorist endorsement. The parties do not dispute that the other driver was at fault or that he

---

[1]Grange initially sought discretionary review by this court. The commissioner ruled that Grange was entitled to review of the trial court's decision as a matter of right under RAP 2.2(a)(3). A panel of this court modified the commissioner's ruling by accepting the matter for discretionary review and requesting that the parties brief the appealability issue. Upon further reflection, we have decided that whether the trial court's ruling is appealable need not be addressed. We have accepted discretionary review and our ruling on whether the trial court's decision is appealable would be advisory only. That question must await a future case where the respondent seeks dismissal of an appeal of a similar issue.

carried only $25,000 of liability insurance. The parties do dispute whether Kraus's damages exceed $25,000.

Kraus's underinsured motorist endorsement to her insurance policy with Grange contained an arbitration clause. This clause stated:

> If after receipt of written notice of loss we, [Grange], and the injured person, [Kraus], do not agree on such person's, [Kraus's], legal right to recover damages against the underinsured motorist, [the other driver] or the amount of such damages, this disagreement must be settled by arbitration. Either party may demand arbitration in writing . . .

Kraus gave Grange notice of her desire to arbitrate their dispute. Grange refused. As a result, Kraus filed a summons, complaint and motion to show cause why Grange should not be ordered to submit to arbitration. Grange responded with a motion to stay arbitration. The basis for Grange's motion was that the court should first determine "all coverage issues and/or that the court should wait until the underlying lawsuit between [Kraus] and [the other driver] and his agents is resolved." The trial court entered an order compelling the parties to arbitrate the issues as provided in the endorsement and denied Grange's motion for a stay.

■ "Insurance policies are to be construed as contracts, and interpretation is a matter of law. . . . [W]e . . . interpret an insurance contract according to the way it would be understood by the average insurance purchaser." (Citation omitted.) *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). Moreover, "contracts of insurance are to be construed in favor of the insured and most strongly against the insurer, [but] we cannot modify clear and unambiguous language in an insurance policy or revise the insurance contract under the theory of construing it." *Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 528, 707 P.2d 125 (1985).

■ While the question of coverage under an insurance policy is not an issue for arbitration, the issue of liability

and damages are properly matters for arbitration where the policy so provides. *Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 586, 520 P.2d 1368 (1974). Here, the underinsured motorist endorsement specifically provides that in the absence of an agreement, damages must be settled by arbitration.

Grange argues that Kraus will not be entitled to collect under the endorsement unless the damages exceed $25,000, and therefore the extent of her damages is a question of coverage to be resolved by the court. We disagree.

It is true that the determination of the amount of damages when the tortfeasor has some liability insurance has a bearing on whether the insured's underinsured endorsement will obligate the insurer to the insured, but this is not a question of coverage as such. The questions of coverage concern a determination of who is insured, the type of risk insured against, and whether an insurance contract exists. Grange does not question the existence of the policy, the identity of Kraus as an insured, or that she was injured by a covered risk.

While characterizing the question here as one of coverage, Grange is questioning only the extent of Kraus's damages. It is not unlike the situation involving an uninsured motorist endorsement where the insurance company disputes that the insured suffered any damages from the uninsured tortfeasor. In that situation the insurance company could hardly claim that whether or not the insured was damaged was a coverage question to be resolved by the court rather than the arbitrator. Since the only question here is the extent of Kraus's damages and the contract specifically provides for resolution of that issue by arbitration, the trial court's order compelling arbitration was proper.[2]

---

[2]At oral argument, *W.A. Botting Plumbing & Heating Co. v. Constructors–Pamco*, 47 Wn. App. 681, 683, 736 P.2d 1100 (1987) was brought to our attention. This case applies the principles of arbitrability of grievances under a collective bargaining agreement to the field of commercial arbitration. There, the principles of arbitrability were enumerated as follows: (1) the duty to submit a matter to arbitration arises from the contract itself; (2) the question of whether parties have

887

Affirmed.

REED, C.J., and ALEXANDER, J., concur.

agreed to arbitrate a dispute is a judicial one to be decided by the court and not the arbitrator; (3) in determining arbitrability of an issue the court should not determine the underlying merits of the dispute since that is to be resolved by the arbitrator; and (4) arbitration of disputes is favored by the courts. These principles were developed as a means of resolving labor disputes wherein the greater institutional competence of arbitrators in interpreting collective bargaining agreement was recognized as a means of peaceful resolution of labor disputes. *AT&T Technologies, Inc. v. Communications Workers,* __ U.S. __, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986). It is questionable whether such principles are of any assistance in resolving the issue here. The arbitration clause in a collective bargaining agreement is very broad and provides generally for arbitration of any differences arising with respect to the entire contract. Here, the arbitration clause is very specific and applies to a determination of liability and damages. With such a specific and well defined right to arbitration in a limited area, we need not indulge in the various presumptions of arbitrability to resolve a grievance under a collective bargaining agreement; nor are we concerned with the limited review a court engages in to determine whether a dispute is arbitrable.