[No. 24127–3–I. Division One. December 27, 1989.]

PHILIP HERZOG, ET AL, *Respondents,* v. FOSTER &
MARSHALL, INC., ET AL, *Appellants.*

*Daniel J. Riviera, Peter S. Ehrlichman, Stellman
Keehnel,* and *Foster, Pepper & Shefelman,* for appellants.

438

*Christopher Youtz* and *Sirianni & Youtz,* for respondents.

PER CURIAM.—On June 15, 1989, a Commissioner of this court denied appellants' motion for discretionary review of a trial court order denying appellants' motion for a stay pending arbitration. On September 25, 1989, a panel of this court denied appellants' motion to modify the Commissioner's ruling. Since appellants had also sought review as a matter of right under RAP 2.2(a)(3), respondents[1] then moved to dismiss the appeal. A Commissioner granted the motion to dismiss and appellants now move to modify the Commissioner's ruling. We grant the motion to modify.

## FACTS

Respondents filed the complaint below as a class action on behalf of investors in several limited partnerships sold by appellants. Each of the respondents purchased interests between 1978 and 1981 in the limited partnership entities which are the appellants in this action. Foster & Marshall Realty, Inc., is the general partner of each limited partnership. Foster & Marshall, Inc., is the stock brokerage firm which underwrote the limited partnership offers. Although the respondents signed subscription agreements and partnership agreements, these documents do not require arbitration of any claims which might arise between the parties to them.

In 1982, the F&M Corporation, the parent of both Foster & Marshall, Inc., and Foster & Marshall Realty, Inc., merged into Shearson Lehman Hutton, Inc., with Shearson becoming the parent corporation. After the merger, the respondents, except for Thompson, signed customer agreements with Shearson which provide as follows:

---

[1] "Respondents" are a class including Jeffery and Kathleen Lindenbaum, Dorothy Camp Lennard, Kenneth and Lucille Glickman, Philip and Phyllis Herzog, and Robert Thompson on behalf of themselves and others similarly situated. On September 26, 1989, a Commissioner of this court dismissed the appeal as moot with respect to all of the respondents except for the Herzogs.

In consideration of your accepting my account and your agreement to act as my broker, I agree to the following with respect to any of my accounts with you for the purchase and sale of securities, and put and call options. . . .

13. This agreement shall inure to the benefit of your successors and assigns, shall be binding on the undersigned, my heirs, executors, administrators and assigns, and shall be governed by the laws of the State of New York. Unless unenforceable due to federal or state law, any controversy arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect, of the National Association of Securities Dealers, Inc. or the Boards of Directors of the New York Stock Exchange, Inc. and/or the American Stock Exchange, Inc. as I may elect. If I do not make such election by registered mail addressed to you at your main office within 5 days after demand by you that I make such election, then you may make such election. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

The accounts appellants previously maintained became Shearson accounts.

In 1988, the respondents filed suit against appellants alleging violations of the Securities Act of Washington, violations of the Consumer Protection Act, and common law claims. On April 19, 1989, appellants sent arbitration demand letters to each of the respondents. On April 24, appellants filed a motion for a stay pending arbitration. On May 2, the Superior Court heard argument and ruled that only Robert Thompson's claims were subject to arbitration. Thompson had signed an arbitration agreement before purchasing his partnership interests. The court granted a stay as to Thompson's claims and denied a stay as to the other respondents on the ground that their claims were not within the scope of the arbitration agreements.

Appellants filed both a notice for discretionary review and a notice of appeal. On May 19, 1989, appellants moved for discretionary review. A Commissioner denied that motion, and appellants' motion to modify was denied. Respondents then moved to dismiss the appeal. Appellants responded, and argued that the trial court's order was appealable as a matter of right. A Commissioner granted

the motion to dismiss, and appellants now move to modify that ruling.

The only issue presented is whether the trial court's order denying a motion to stay judicial proceedings and compel arbitration is appealable as of right under RAP 2.2(a)(3). That rule allows for an appeal as of right from

[a]ny [1] written decision affecting [2] a substantial right in a civil case which [3] in effect determines the action and [4] prevents a final judgment or discontinues the action.

█ Applying RAP 2.2(a)(3) to the instant case, it is clear that the trial court's decision was a "written decision affecting a substantial right . . .". RAP 2.2(a)(3). The court's written decision denied the motion for a stay pending arbitration, and the right to arbitrate the claims is a "substantial right" within the meaning of RAP 2.2(a)(3). *See Pewter Mug, Inc. v. M.U.G. Enters., Inc.,* 46 Ohio App. 2d 93, 345 N.E.2d 426, 427 (1975).

Whether the trial court's decision also "in effect *determines the action* and prevents a final judgment or *discontinues the action*" is the dispositive issue. (Italics ours.) Under the facts in this case, the words "the action", as used in RAP 2.2(a)(3), could potentially apply to the respondents' action or appellants' motion for stay pending arbitration. If the words "the action" are applied to the respondents' class action, the trial court's order is clearly not appealable as of right because the order denying the stay in no way "determines" or "discontinues" that court action. If the words "the action" are applied to the motion for stay, then the court's order would be appealable as of right as long as the motion for stay is itself an "action" within the meaning of RAP 2.2(a)(3).

In this regard, appellants argue that since the trial court's order decides and discontinues "the arbitration special proceeding", the order "in effect determines . . . and . . . discontinues the action" within the meaning of RAP 2.2 because it discontinues the "action" for arbitration. They contend that the motion for stay pending arbitration should be viewed as a separate proceeding or action, for

purposes of appealability, because (a) the proceeding to determine whether arbitration is required is a separate statutory proceeding involving issues that are separate from the merits of the dispute, and (b) because an effective challenge to the order cannot be brought without an immediate appeal. We find these arguments persuasive.

■ Motions to compel arbitration of a dispute are governed by RCW 7.04.040,[2] which is located in the "Special Proceedings" title of the revised code. That statute requires an "application to the court for an order directing the

---

[2]RCW 7.04.040 states:

"**Motion to compel arbitration—Notice and hearing—Motion for stay.** (1) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the court for an order directing the parties to proceed with the arbitration in accordance with their agreement. Eight days notice in writing of such application shall be served upon the party alleged to be in default. Service thereof shall be made in the manner provided by law for service of a summons in a civil action in the court specified in RCW 7.04.020. If the court is satisfied after hearing the parties that no substantial issue exists as to the existence or validity of the agreement to arbitrate or the failure to comply therewith, the court shall make an order directing the parties to proceed to arbitrate in accordance with the terms of the agreement.

"(2) If the court shall find that a substantial issue is raised as to the existence or validity of the arbitration agreement or the failure to comply therewith, the court shall proceed immediately to the trial of such issue. If upon such trial the court finds that no written agreement providing for arbitration was made or that there is no default in proceeding thereunder, the motion to compel arbitration shall be denied.

"(3) Either party shall have the right to demand the immediate trial by jury of any such issue concerning the validity or existence of the arbitration agreement or the failure to comply therewith. Such demand shall be made before the return day of the motion to compel arbitration under this section, or if no such motion was made, the demand shall be made in the application for a stay of the arbitration, as provided under subsection (4)(a) hereunder.

"(4) In order to raise an issue as to the existence or validity of the arbitration agreement or the failure to comply therewith, a party must set forth evidentiary facts raising such issue and must either (a) make a motion for a stay of the arbitration. If a notice of intention to arbitrate has been served as provided in RCW 7.04.060, notice of the motion for the stay must be served within twenty days after service of said notice. Any issue regarding the validity or existence of the agreement or failure to comply therewith shall be tried in the same manner as provided in subsections (2) and (3) hereunder; or (b) by contesting a motion to compel arbitration as provided under subsection (1) of this section."

parties to proceed with arbitration", and sets forth the proper procedures, including a possible mini–trial on the existence or validity of an arbitration agreement, for deciding whether arbitration should be compelled. The statute allows a party to move for an order compelling arbitration even if no action on the merits of the dispute has been filed in court. *See* RCW 7.04.040(1). Thus, a proceeding under the statute to determine whether arbitration should be compelled has a status independent from the underlying cause of action or controversy. Clearly, if appellants had filed *an action* to compel arbitration prior to the filing of respondents' lawsuit, a decision refusing to compel arbitration would have discontinued or determined "the action", and would have been immediately appealable under RAP 2.2(a)(1) or (3). *Cf. Cantwell v. Safeco Ins. Co.*, 37 Wn. App. 133, 678 P.2d 852 (1984) (court decided merits of appeal from an action to compel arbitration under RCW 7.04.040, but did not address appealability). In our view, the fact that appellants did not file a separate action to compel arbitration, but instead sought arbitration by motion in the pending lawsuit, is not fatal to their appeal. A motion to stay litigation pending arbitration commences a distinct statutory proceeding which has as its objective the initiation of an action in the forum of arbitration. Thus, the denial of a motion for stay pending arbitration in effect determines or discontinues the proceeding or action for arbitration.

In this regard, one court has pointed out that an order on a motion to compel arbitration is an appealable order because the issue in such a motion "'is a matter wholly separate from . . . the merits of [plaintiff's] cause" and is an "'independent matter, anterior to the merits and not enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Hawaii 98, 705 P.2d 28, 34 (1985) (quoting *Local 438 Constr. & Gen. Laborers' Union v. Curry*, 371 U.S. 542, 548, 9 L. Ed. 2d 514, 83 S. Ct. 531 (1963) and *Mercantile Nat'l Bank v. Langdeau*, 371

U.S. 555, 558, 9 L. Ed. 2d 523, 83 S. Ct. 520 (1963)). Though the *Association of Owners of Kukui Plaza* case does not involve a court rule with language like that in RAP 2.2(a)(3), it nevertheless lends support to the argument that a ruling denying a motion to compel arbitration is separate from any related legal proceeding and should be appealable as of right under the language of RAP 2.2(a)(3).

There is also support for the argument that orders like the one at issue here should be immediately appealable because "'it will be too late effectively to review" such an order once judgment has been entered. *Association of Owners of Kukui Plaza*, at 34; *Brandon v. Hines*, 439 A.2d 496, 507 (D.C. 1981); *Sims v. Ritter Constr., Inc.*, 62 N.C. App. 52, 302 S.E.2d 293, 294 (1983). If a court refuses to stay litigation pending arbitration, the party seeking to enforce arbitration will suffer the serious, irreparable consequence of being forced to resolve the dispute by costly and lengthy litigation rather than by arbitration. The benefits of arbitration will thus be irretrievably lost. Such a result not only runs counter to the parties' agreement to arbitrate, but, more importantly, it frustrates the strong public policy in this state favoring arbitration of disputes. *Detweiler v. J.C. Penney Cas. Ins. Co.*, 110 Wn.2d 99, 112–13, 751 P.2d 282 (1988); *Lake Wash. Sch. Dist. v. Mobile Modules Northwest, Inc.*, 28 Wn. App. 59, 61, 621 P.2d 791 (1980); *King Cy. v. Boeing Co.*, 18 Wn. App. 595, 602, 570 P.2d 713 (1977).

*Teufel Constr. Co. v. American Arbitration Ass'n*, 3 Wn. App. 24, 472 P.2d 572 (1970), cited by respondents, does not compel a different result. In that case, the Superior Court denied the appellants' motions to stay the arbitration proceedings and granted the respondent's motion to compel arbitration. On appeal, the *Teufel* court rejected the appellants' argument that the order compelling arbitration was final and appealable, citing *All–Rite Contracting Co. v. Omey*, 27 Wn.2d 898, 181 P.2d 636 (1947) as controlling. Focusing primarily on the arbitration and appeal statutes and the general policy against piecemeal appeals, the *All–*

*Rite Contracting* court held that an order compelling arbitration was not a final, appealable order.

*Teufel* and *All–Rite Contracting* are not controlling here for several reasons. First, neither case addresses whether RAP 2.2(a)(3) or an equivalent rule provides for an appeal as of right from an order compelling or refusing to compel arbitration.[3] Second, *Teufel* and *All–Rite Contracting* are distinguishable. Both of those cases involved orders *compelling* arbitration, while the instant case involves an order *refusing to compel* arbitration. As appellants point out, this distinction is significant. One court has said that

> if a trial court refuses to stay litigation pending arbitration, the party seeking arbitration cannot "'effectually challenge[]'" the order without an immediate appeal. [*Carson v. American Brands, Inc.*, 450 U.S. 79 (1981)] at 83, 101 S.Ct. at 996 (quoting *Baltimore Contractors, Inc., supra* 348 U.S. at 181, 75 S.Ct. at 251). Otherwise, the party will suffer "'the serious, perhaps irreparable, consequence'" of being forced to resolve the dispute by trial rather than by arbitration, a process that the parties by contract had agreed to use, that one party desires to enforce, and—of considerable significance here—a process that modern legislative policy manifestly favors in both labor and commercial settings. *Id.; see United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409 (1960); *Wilko v. Swan*, 346 U.S. 427, 431–32, 74 S.Ct. 182, 184–85, 98 L.Ed. 168 (1953); 9 U.S.C. §§ 1–14 (1976); *cf. Buffler v. Electronic Computer Programming Institute, Inc.*, 466 F.2d 694, 698 (6th Cir 1972) (stay of arbitration proceeding deprives party of chosen method of dispute resolution, a serious consequence justifying immediate appeal).

By contrast, if a trial court stays litigation pending arbitration, for several reasons the order to arbitrate would not

---

[3]The debatable vitality of *Teufel* and *All–Rite Contracting* is illustrated in a recent Division Two decision, *Kraus v. Grange Ins. Ass'n*, 48 Wn. App. 883, 884, 740 P.2d 918 (1987). In that case, a Commissioner of Division Two ruled that an order compelling arbitration was appealable as a matter of right under RAP 2.2(a)(3). This ruling was contrary to the holdings in *Teufel* and *All–Rite Contracting*. A panel of Division Two modified the Commissioner's ruling but granted discretionary review and requested that the parties brief the appealability issue. *Kraus*, at 884 n.1. In its opinion, the court decided that it was not necessary to reach the appealability issue and stated that "[t]hat question must await a future case where the respondent seeks dismissal of an appeal of a similar issue." *Kraus*, at 884 n.1. Thus, *Kraus* indicates that *Teufel* and *All–Rite Contracting* may no longer be valid law in light of RAP 2.2(a)(3).

impose a sufficiently "'serious . . . consequence'" on the resisting party to justify an appeal of that stay. *Carson, supra* 450 U.S. at 83, 101 S.Ct. at 996 (quoting *Baltimore Contractors, Inc. [v. Bodinger]* 348 U.S. [176,] at 181, 75 S.Ct. at 251 [(1955)]). The party resisting arbitration in principle agreed to arbitrate disputes arising after the formation of the contract, at least in certain circumstances. Because an arbitration award is not self–executing, *see* 9 U.S.C. § 9 (1976), moreover, the party resisting arbitration will have an opportunity, at the conclusion of the arbitration, to oppose enforcement of the award as a judgment. Taking an appeal from a stay of litigation pending arbitration would only increase the time and expense necessary to resolve the dispute and thus would run counter to the purpose of arbitration.

(Footnotes omitted.) *Brandon v. Hines,* 439 A.2d 496, 507 (D.C. 1981). *See also Alternate Dispute Resolution Deskbook,* "Arbitration and Mediation in Washington" § 4.4(11) (1989) ("[a]lthough an order denying a motion to compel arbitration is appealable, . . . an order compelling arbitration is not a final order and, accordingly, is not appealable."). Thus, there are compelling policy reasons for distinguishing between orders compelling arbitration, such as those in *Teufel* and *All–Rite Contracting,* and orders refusing to compel arbitration. This is demonstrated by the fact that a number of states and Congress have enacted legislation authorizing appeals from orders *denying* motions to compel arbitration, but not authorizing appeals from orders *requiring* arbitration. *See* Uniform Arbitration Act § 19, 7 U.L.A. 216–17 (1985); 9 U.S.C. § 15.

In conclusion, we hold that an order denying a motion for stay pending arbitration is appealable as of right under the language of RAP 2.2(a)(3). Strong policy considerations favor allowing an immediate appeal as of right from such orders. The motion to modify is granted.