[No. 35709-3-I.   Division One.   December 27, 1995.]

KACEY J. KROEGER, *Appellant*, v. FIRST NATIONAL INSURANCE COMPANY OF AMERICA, *Respondent*.

*James E. Baker* and *Miracle, Pruzan, Pruzan & Baker*, for appellant.

*Timothy R. Gosselin* and *Burgess, Fitzer, Leighton & Phillips, P.S.*, for respondent.

BECKER, J. — Kacey Kroeger seeks an award under *Olympic Steamship*[1] for attorney fees she incurred arbitrating a suspension of benefits by her insurance carrier. At the arbitration she established that it was reasonable and necessary to continue her medical treatment. Because the dispute involved the extent of her claim rather than a denial of coverage, we affirm the denial of attorney fees.

Kroeger sustained physical injuries in a car accident in December 1991. Her insurance contract with First National Insurance Company (First National) included Personal Injury Protection (PIP) coverage for "reasonable and necessary" medical and hospital expenses. First National paid Kroeger's medical expenses until January 1994. At that time, First National's physician examined Kroeger and determined that she had reached maximum medical improvement. On the basis of this examination, First National suspended Kroeger's benefits as no longer reasonable and necessary.

---

[1] *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

Kroeger demanded arbitration pursuant to a contractual provision for arbitrating disputes "as to the amount payable under this [PIP] coverage." At the arbitration, Kroeger prevailed. The arbitrator ruled that Kroeger's ongoing medical expenses "were and are reasonable and necessary." The arbitrator denied without prejudice Kroeger's request for attorney fees. Kroeger then filed a complaint in superior court seeking an award of attorney fees in the arbitration and in superior court.

*Olympic Steamship* stated its holding as follows: "An insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees."[2]

■■ The Supreme Court has since stated, in *Dayton v. Farmers Ins. Group*,[3] that *Olympic Steamship* does not extend to UIM arbitration proceedings. The rule of *Olympic Steamship* applies where the insurer forces the insured to litigate questions of coverage. It does not apply where the controversy is merely over the amount of, or the denial of, a claim.[4]

The coverage/claim distinction made in *Dayton* and followed in *Mailloux v. State Farm Mut. Auto. Ins. Co.*[5] is equally applicable in the context of PIP arbitration. To paraphrase *Mailloux*, PIP coverage is denied when the PIP insurer says it has no contractual duty to pay even if the insured proves that her medical expenses are reasonable and necessary. PIP coverage is not denied if the insurer, while accepting its contractual duty to pay reasonable and necessary expenses, denies that certain

---

[2]*Olympic S.S.*, 117 Wn.2d at 54; *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 904 P.2d 731 (1995).

[3]*Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 282, 876 P.2d 896 (1994).

[4]*McGreevy*, 128 Wn.2d at 32 n.4; *Dayton*, 124 Wn.2d at 280-81.

[5]*Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wn. App. 507, 887 P.2d 449 (1995).

proposed expenses are reasonable and necessary.[6] When First National announced that it would no longer pay Kroeger's medical bills, it was not denying PIP coverage, it was denying a claim.

A coverage dispute generally raises a question about who is insured, the type of risk insured against, or whether an insurance contract exists.[7] "Coverage means the assumption of risk of occurrence of the event insured against before its occurrence."[8] Whether coverage exists is generally not an issue for arbitration.[9]

In contrast, a claim dispute in the PIP context generally raises questions about the extent of damages. How much a claim is worth is a factual question about which there can be legitimate differences of opinion.[10] Such a question is suitable for arbitration where the policy so provides.[11]

A coverage dispute, like a claim dispute, may require the resolution of issues of fact. A case in point is *Public Employees Mut. Ins. Co. v. Fitzgerald*,[12] relied on by Kroeger. A mother drowned her child in a bathtub after strangling him with a cord. The insurer, PEMCO, denied a claim arising out of the child's death on the basis that the homicide was "intended or expected" by the insured.[13] A declaratory judgment action resulted in summary judgment against the insurer because the insurer failed to controvert evidence that the mother was incapable of intending or expecting the result of her acts. This court

[6]*See Mailloux*, 76 Wn. App. at 517.

[7]*Kraus v. Grange Ins. Ass'n*, 48 Wn. App. 883, 886, 740 P.2d 918 (1987).

[8]*Ryan v. Cuna Mut. Ins. Soc'y*, 84 Wn.2d 612, 615, 529 P.2d 7 (1974); *see also Freimuth v. Glens Falls Ins. Co.*, 50 Wn.2d 621, 625, 314 P.2d 468 (1957).

[9]*Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 586, 520 P.2d 1368 (1974).

[10]*Dayton*, 124 Wn.2d at 281.

[11]*Hartford Accident & Indem. Co.*, 83 Wn.2d at 586.

[12]*Public Employees Mut. Ins. Co. v. Fitzgerald*, 65 Wn. App. 307, 828 P.2d 63 (1992).

[13]*Fitzgerald*, 65 Wn. App. at 312.

affirmed an award of attorney fees against the insurer under the rule of *Olympic Steamship.*

Kroeger argues she is similarly entitled to an award of fees because First National similarly failed to substantiate the basis for its denial of her claim. The analogy is superficial. The plaintiff in *Fitzgerald*, by contending that the homicidal mother did not intend the result of her acts, was litigating a coverage issue: was the mother's conduct the type of risk insured against; did PEMCO have a contractual duty to pay? Kroeger, by contending that her expenses were reasonable and necessary, was litigating a claim issue: how extensive were her damages? The decision in *Fitzgerald* states a rule of law and tells insurers that they must provide coverage when presented with similar facts and policy language. The arbitrator's decision in Kroeger's case does not state a rule of law and does not compel the same result in cases with similar facts and policy language.

We hold that the suspension of benefits did not force Kroeger to litigate a question of coverage. Rather, the controversy was merely over the amount of a claim. The rule of *Olympic Steamship*[14] is not applicable and Kroeger is not entitled to attorney fees as the result of prevailing in the arbitration.

Affirmed.

GROSSE and ELLINGTON, JJ., concur.

Review denied at 129 Wn.2d 1002 (1996).

---

[14]*Olympic S.S.*, 117 Wn.2d at 54.