[No. 14514-0-III.   Division Three.   April 16, 1996.]

FARMERS INSURANCE COMPANY OF WASHINGTON,
*Appellant*, v. IVAN FREDERICKSON, ET AL.,
*Respondents*.

*Cheryl R. Adamson* and *Rettig, Osborne, Forgette, O'Donnell & Iller*, for appellant.

*David M. Grant* and *Deglow & Grant*, for respondents.

Munson, J. — Farmers Insurance Company contends the sufficiency of the corroborating evidence of an accident involving a phantom vehicle raises a question of coverage to be decided by the courts. The court determined the issue was a factual one proper for resolution by arbitration. We reverse.

Ivan Frederickson claims he was driving on a highway in northern California after dark. The road had many sharp curves. Mr. Frederickson drove around a curve and suddenly came upon logs or cut firewood on the highway. He was unable to stop before striking the logs. He lost control of his car which went off the road. He suffered personal injuries and his car was damaged as a result of the accident.

Mr. Frederickson's vehicle was insured by Farmers. The policy underinsured motorist provision included coverage for accidents caused by a phantom vehicle:

3. **Underinsured motor vehicle** means:

. . .

b.   A hit-and-run vehicle or phantom vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in bodily injury or property damage without physical contact with:

(1) You or any family member.

. . . .

(3) Your insured vehicle.

c.    When there is no physical contact, . . . the accident must also be verified by someone other than you or another person having an underinsured motorist claim for the same accident.

The policy also includes an arbitration clause. Mr. Frederickson provided an affidavit from a woman who lives in the area where the accident occurred and, although she did not see the accident, states the road is used by loggers and persons cutting firewood, the road has a number of sharp curves where the accident occurred, and it would be unlikely wood in the road could have fallen from nearby trees. He also provided an affidavit from a California State Claims Officer who looked at the scene of the accident, reviewed the California Highway Patrol accident report, and concluded the sharp curves in the roadway would reduce visibility and the wood in the road would not likely have fallen from adjacent trees.

Farmers denied coverage, claiming there was insufficient evidence of negligence by an unknown vehicle and there was no evidence corroborating Mr. Frederickson's claims. Farmers commenced this action, seeking a declaration that the accident is not covered under Mr. Frederickson's insurance policy. Mr. Frederickson counterclaimed, contending the issue of Farmers' liability should be submitted to arbitration. The trial court denied Farmers' motion for summary judgment on the issue of coverage and granted Mr. Frederickson's motion for summary judgment ordering the parties to proceed to arbitration. Farmers appealed.

■ The first issue is whether the existence and sufficiency of independent corroboration of the accident is an issue which must be decided by the court. Issues of liability and damages are proper matters for arbitration,

but the issue of coverage must be decided by the court. *Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 586, 520 P.2d 1368 (1974); *Cantwell v. Safeco Ins. Co.*, 37 Wn. App. 133, 136, 678 P.2d 852 (1984).

■ The term coverage has a narrow and precise meaning: "the assumption of risk of occurrence of the event insured against before its occurrence." *Ryan v. Cuna Mut. Ins. Soc'y*, 84 Wn.2d 612, 615, 529 P.2d 7 (1974); *Freimuth v. Glens Falls Ins. Co.*, 50 Wn.2d 621, 314 P.2d 468 (1957). Coverage issues include the "determination of who is insured, the type of risk insured against, and whether an insurance contract exists." *Kraus v. Grange Ins. Ass'n*, 48 Wn. App. 883, 886, 740 P.2d 918 (1987).

The Farmers policy provides coverage for amounts a person is legally entitled to recover from an underinsured motorist. The policy defines underinsured motorist to include a phantom vehicle whose operator cannot be identified, and provides that when there is no physical contact the accident must be verified by someone other than the insured. This part of the policy defines a type of risk insured against.

■ Mr. Frederickson claims the accident was caused by a vehicle whose operator cannot be identified and there was no physical contact between his vehicle and that of the underinsured motorist. The existence of sufficient verification is thus an element of the coverage under which he seeks compensation.[1] The sufficiency of verification is an issue of coverage which must be decided by the court. The superior court's order submitting the issue to arbitration was error.

Reversed and remanded for determination of coverage issue by the court. Counsel may update their affidavits if need be.

---

[1]Farmers underinsured motorist provisions are required by RCW 48.22.030(2) which prohibits issuance of an insurance policy unless coverage is provided for damage caused by, inter alia, phantom vehicles. The statutory definition of "phantom vehicle" includes a requirement that facts of an accident be corroborated. RCW 48.22.030(8)(a). Thus, under the statute, the existence of corroboration is an element of coverage.

THOMPSON, J., concurs.

SWEENEY, C.J. (dissenting) — The superior court ordered Farmers Insurance Company and Ivan Frederickson to participate in arbitration because it held that Mr. Frederickson had presented "sufficient evidence . . . to present his claim for uninsured motorist benefits to Arbitration." The majority concludes "[t]he existence of sufficient verification" is an issue of coverage which must be decided by the court. I believe the superior court properly ruled the matter was for an arbitrator. I respectfully dissent.

Under the Farmers insurance policy, a phantom vehicle is an underinsured motor vehicle. Part II of the policy provides:

> Determination as to whether an **insured person** is legally entitled to recover **damages** or the amount of **damages** shall be made by agreement between the **insured person** and us. If no agreement is reached, *the decision will be made by arbitration.*

(Emphasis added.) The policy's "Arbitration" clause further states:

> If an **insured person** and we do not agree (1) that the person is legally entitled to recover **damages** from the owner or operator of an **underinsured motor vehicle,** or (2) as to the amount of payment under this Part, *either that person or we may demand that the issue be determined by arbitration.*

(Emphasis added.)

The majority notes the term coverage has a narrow and precise meaning: the "determination of who is insured, the type of risk insured against, and whether an insurance contract exists." *Kraus v. Grange Ins. Ass'n,* 48 Wn. App. 883, 886, 740 P.2d 918 (1987). In this case, however, there is no dispute as to who is insured. And Farmers does not challenge that the policy provides for underinsured motorist coverage. It is also undisputed that the insurance contract was in effect. The question here is whether Mr.

Frederickson has shown sufficient corroboration to prove the existence of a phantom vehicle.

In *Powell v. Viking Ins. Co.*, 44 Wn. App. 495, 722 P.2d 1343 (1986), we addressed whether an affidavit submitted by the insured's wife indicated that her husband had swerved to avoid a phantom vehicle. That statement conflicted with an earlier one she had given. We said the "conflicting statements raise a serious credibility problem that creates an issue of fact for the *arbitrators* as to the existence of the phantom vehicle." *Powell*, 44 Wn. App. at 503 (emphasis added).

Similarly, in *Nationwide Ins. v. Williams*, 71 Wn. App. 336, 858 P.2d 516 (1993), *review denied*, 123 Wn.2d 1022 (1994), the insurer had successfully argued in superior court that the policy did not cover the insured's underinsured motorists claim because of a lack of corroborative evidence. The insured appealed the order staying arbitration. Division Two reversed, concluding that the insured had met his threshold burden of presenting competent corroborative evidence of a phantom vehicle. It noted that in so doing it did not express any "opinion as to the merits of the underlying controversy over liability and damages. . . . We simply hold that the [insureds] have produced the minimum amount of corroborative evidence necessary to put the matter before an arbitrator." *Nationwide*, 71 Wn. App. at 344 n.5. According to the court, the arbitrator has the task of weighing the evidence and evaluating the claim in light of the statute and insurance contract. *Nationwide*, 71 Wn. App. at 344 n.5; *see also Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 586, 520 P.2d 1368 (1974) (issues of liability are properly matters for arbitration); *Liljestrand v. State Farm Mut. Auto. Ins. Co.*, 47 Wn. App. 283, 286, 734 P.2d 945 (arbitrator denied claim holding there was a lack of independent corroboration of presence of phantom vehicle), *review denied*, 108 Wn.2d 1017 (1987).

The question here is factual—whether Mr. Frederickson was run off of the road by a phantom car. The arbitrator should answer that question.

I would therefore affirm.