[No. 16987-1-III.    Division Three.    January 5, 1999.]

KAREN SOLNICKA, ET AL., *Appellants*, v. SAFECO INSURANCE COMPANY OF ILLINOIS, *Respondent*.

*David R. Hevel*, for appellants.

*Brad E. Smith* of *Huppin Ewing Anderson & Paul, P.S.*, for respondent.

SWEENEY, C.J. — In this personal injury protection (PIP)

claim, Safeco Insurance Company of Illinois, Karen Solnicka's PIP insurer, paid a portion of her medical bills but refused to pay the balance of those bills because it concluded the treatment was for injuries not caused by the accident. The question here is whether Safeco's refusal to pay the balance of Ms. Solnicka's medical expenses amounted to a "denial of coverage" thereby invoking the *Olympic S.S.*[1] doctrine. We conclude that it did not, and affirm the trial court's summary dismissal of her suit for fees.

## FACTS

Karen Solnicka was injured in a car accident on November 4, 1993. Safeco insured her. Her policy included $10,000 PIP coverage for medical expenses "incurred because of bodily injury caused by an automobile accident . . . ." The policy also included a standard arbitration clause for first party disputes.

After the accident Ms. Solnicka complained of and received treatment for neck and upper back pain. Later she began to complain of left shoulder and knee pain. She was treated for her shoulder and knee, and eventually underwent surgery on her shoulder in June 1996.

Safeco paid $1,967.18 of Ms. Solnicka's medical bills, but denied payment of the remainder of the PIP limit, $8,032.82. Safeco claimed that the left shoulder and knee injuries were not caused by the November 4, 1993 accident.

Ms. Solnicka demanded arbitration. The arbitrator concluded that the shoulder and knee conditions were related to the November 1993 accident. Safeco then paid the balance of its PIP limits.

Ms. Solnicka sued for attorney fees and costs. *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). Both Safeco and Ms. Solnicka moved for summary

[1]*Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

judgment. The trial court denied Ms. Solnicka's motion for summary judgment and granted Safeco's.

## DISCUSSION

■ ■ *Standard of Review.* Construction of an insurance contract is a question of law. Review is therefore de novo. *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990). Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Olympic S.S.*, 117 Wn.2d at 41. Because this case presents a question of law, resolution by summary judgment was appropriate. *Gerken v. Mutual of Enumclaw Ins. Co.*, 74 Wn. App. 220, 225, 872 P.2d 1108, *review denied*, 125 Wn.2d 1005 (1994).

*Litigation Fees.* Washington courts generally follow the American rule on attorney fees. It provides that fees are not recoverable by a prevailing party unless permitted by contract, statute, or a recognized ground of equity. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 143, 930 P.2d 288 (1997). But an insured who must sue to obtain the benefit of its insurance contract is entitled to attorney fees. *Olympic S.S.*, 117 Wn.2d at 52-53; *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994).

■ The *Olympic S.S.* rule is limited to cases in which the insurer unsuccessfully denies coverage. But it does not include those controversies over liability or damages. *Dayton*, 124 Wn.2d at 280-81; *Kroeger v. First Nat'l Ins. Co. of Am.*, 80 Wn. App. 207, 209-11, 908 P.2d 371 (1995), *review denied*, 129 Wn.2d 1002 (1996). Said another way, an insured is entitled to fees if compelled to take legal action to obtain the benefits under its insurance contract, but not if the issue is merely a dispute about the value of the claim. *Petersen v. United Servs. Auto. Ass'n*, 91 Wn. App. 212, 218, 955 P.2d 852 (1998). Where the insurer admits coverage but, in good faith, denies or disputes the value of the claim, *Olympic S.S.* does not authorize fees. *See Dayton*, 124 Wn.2d at 280; *Mailloux v. State Farm Mut. Auto. Ins. Co.*, 76 Wn. App. 507, 517, 887 P.2d 449 (1995).

Often, however, there is a fine line between a coverage dispute and a claim dispute. The insurer may admit some coverage, but dispute the scope of coverage and then contend the case involves a claim dispute. *See Leingang*, 131 Wn.2d at 147. Coverage disputes include cases in which coverage is denied and those in which the extent of the benefit is disputed. *Id.* at 143 (citing cases). Coverage questions focus on such questions as whether there is a contractual duty to pay, who is insured, the type of risk insured against, or whether an insurance contract exists at all. *Mailloux*, 76 Wn. App. at 517-18; *Kroeger*, 80 Wn. App. at 210; *Kraus v. Grange Ins. Ass'n*, 48 Wn. App. 883, 886, 740 P.2d 918 (1987).

Claim disputes, on the other hand, raise factual questions about the extent of the insured's damages. *Kroeger*, 80 Wn. App. at 210 (relying on *Dayton*, 124 Wn.2d at 281, a UIM coverage case); *Kraus*, 48 Wn. App. at 885-86. They involve factual questions of liability, injuries, and damages and are therefore appropriate for arbitration. *See Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 586, 520 P.2d 1368 (1974); *Cantwell v. Safeco Ins. Co.*, 37 Wn. App. 133, 136-37, 678 P.2d 852 (1984). Coverage questions are not. *Kroeger*, 80 Wn. App. at 210; *Hartford*, 83 Wn.2d at 586; *Kraus*, 48 Wn. App. at 885-86.

*Kroeger* is factually the same as Ms. Solnicka's case. The insured was injured. The insurer paid the insured's medical expenses for a period of time but then stopped. *Kroeger*, 80 Wn. App. at 208. The insured's PIP coverage required payment of "reasonable and necessary" expenses. *Id.* Over two years after the accident, the insurer's physician concluded that the insured had reached her maximum medical improvement. Thus, benefits were no longer "reasonable and necessary." *Id.* The insured prevailed at arbitration. Division One affirmed the trial court's denial of attorney fees:

PIP coverage is denied when the PIP insurer says it has no contractual duty to pay even if the insured proves that her medical expenses are reasonable and necessary. PIP coverage

is not denied if the insurer, while accepting its contractual duty to pay reasonable and necessary expenses, denies that certain proposed expenses are reasonable and necessary.

*Id.* at 209-10. The court then stated that "[w]hen First National announced that it would no longer pay Kroeger's medical bills, it was not denying PIP coverage, it was denying a claim." *Id.* at 210. We agree with that conclusion. Safeco did not deny coverage. It simply disputed the causal relationship between Ms. Solnicka's injuries and the accident. It is entitled to litigate that position unsuccessfully without being subject to attorney fees under the *Olympic S.S.* rule. *Id.* at 210-11.

Affirmed.

BROWN and KATO, JJ., concur.