# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARGARET GARRISON, | No. 53501-7-II |
| Respondent, | |
| v. | |
| DELBERT LEE MCGILL, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Delbert L. McGill filed a notice of appeal designating the superior court's order denying motions to reconsider restraining order and attorney fee awards. However, the superior court's order is not an appealable order under RAP 2.2. Furthermore, we decline to grant discretionary review of the order under RAP 2.3(b). Accordingly, we dismiss McGill's appeal.

## FACTS

Margaret Garrison was appointed the full guardian of the person and estate of Vernon Jacob Horst, her father. As Horst's guardian, Garrison filed a petition under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, against McGill. The petition sought to invalidate deeds, contracts, or gifts Horst made based on fraud, undue influence, and lack of capacity. The petition also sought McGill's removal as Horst's attorney in fact and a finding that McGill engaged in financial exploitation of a vulnerable adult.

Garrison filed a motion to show cause to restrain McGill and his attorney from contacting Horst. A show cause hearing was set for March 22, 2019. Around the same time, McGill filed a motion to compel discovery. The motion to compel was also set for March 22.

On March 29, the superior court entered a judgment and order on Garrison's motion to show cause. The order restrained McGill and his counsel from knowingly making contact with Horst. The order also provided that "[a]ny party may seek relief from these restraints." Clerk's Papers (CP) at 259. And the superior court awarded Garrison her attorney fees and costs in the amount of $4,562.50.

Also on March 29, the superior court denied McGill's motion to compel and granted Garrison costs and attorney fees in the amount of $1,050.00. The superior court entered a judgment and order on McGill's motion to compel discovery.

McGill asked the superior court to make a CR 54(b) certification that the judgments were final. The superior court declined, stating "I don't believe it's a final judgment, no." Verbatim Report of Proceedings (VRP) (March 29, 2019) at 8.

McGill filed motions to reconsider both of the superior court's March 29 judgments and orders. The trial court denied McGill's motions to reconsider and entered an order denying the motions to reconsider restraining order and attorney fee awards.

McGill filed a notice of appeal designating the order denying the motions to reconsider restraining order and attorney fee awards. McGill acknowledges that the TEDRA petition had not yet been tried when he filed his notice of appeal.

No. 53501-7-II

ANALYSIS

A.     APPEALABILITY

McGill argues that we should review the order denying his motions to reconsider the restraining order and attorney fee awards under RAP 2.2(a)(3) because the attorney fee awards were reduced to judgment. But even though the attorney fees were reduced to judgment, the order denying reconsideration does not meet the requirements of RAP 2.2(a)(3) and is not appealable.

RAP 2.2 governs which superior court decisions may be appealed. RAP 2.2(a) states, in relevant part,

> Unless otherwise prohibited by statute or court rule and except as provided in sections (b) and (c), a party may appeal from only the following superior court decisions:
>
>      . . . .
>
>      (3) *Decision Determining Action*. Any written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action.

McGill relies on *Herzog v. Foster & Marshall, Inc.*, 56 Wn. App. 437, 738 P.2d 1124 (1989), to argue that the superior court's decisions meet the requirements of RAP 2.2(a)(3). But *Herzog* is inapplicable.

In *Herzog*, the court held that an order denying a motion to stay litigation pending arbitration was appealable as a matter of right under RAP 2.2(a)(3). 56 Wn. App. at 442. The court's decision relied primarily on the fact that the motion to stay litigation was simply a variation of a motion to compel arbitration, which could have been filed as a separate action, independent of the underlying litigation. *Id*. at 441-42. Therefore, the order denying the motion to stay

3

effectively terminated that separate action. *Id*. at 442. The determining factors were that the decision was an independent matter and not allowing an appeal would result in a judgment that is too late to effectively review. *Id*. at 442-43. In considering whether appeal would have been too late to effectively review, the court relied on the strong public policy in favor of arbitration which would be undermined by allowing the case to proceed to trial. *Id*. at 443. Neither of the determining factors found in *Herzog* apply here.

Here, the motion for show cause and the motion to compel were inextricably linked to the underlying litigation. Neither could have been filed independently from the TEDRA petition. And although the judgments for attorney fees may result in McGill paying money to Garrison prior to the final judgment, those judgments can still be effectively reviewed and remedied if they are determined to be in error.

In contrast, if the order in *Herzog* was not reviewed until after final judgment, there would have been an entire trial and the "benefits of arbitration [would] thus be irretrievably lost," and the strong public policy of favoring arbitration would be frustrated. 56 Wn. App. at 443. But here, nothing will be irretrievably lost if the superior court erred by ordering McGill to pay attorney fees; the judgment and order can be reversed, and Garrison can be ordered to repay the fees. Furthermore, the superior court specifically allowed the parties to seek relief from the restraints of the restraining order, so that order did not determine any action.

Despite the fact that the attorney fee awards were reduced to judgments, the order denying reconsideration of those judgments is not a written decision affecting a substantial right in a civil case that, in effect, determines the action and prevents a final judgment or discontinues the action.

And the record confirms that the judgments were not final judgments from which an appeal can be taken. Therefore, the order denying the motions to reconsider the restraining order and attorney fee awards is not appealable under RAP 2.2(a)(3).

However, a "notice of appeal of a decision which is not appealable will be given the same effect as a notice for discretionary review." RAP 5.1(c). For the reasons discussed below, we decline to grant discretionary review.

B.    DISCRETIONARY REVIEW

Alternatively, McGill asks us to grant discretionary review because the superior court's order denying his motions to reconsider the restraining order and attorney fee awards was obvious error. We disagree.

RAP 2.3(b)(1) allows us to accept discretionary review when "[t]he superior court has committed an obvious error which would render further proceedings useless." Here, McGill asserts that it was obvious error for the superior court to designate the underlying orders as judgments without written findings. However, McGill fails to show, or even argue, that further proceedings are rendered useless by the superior court's alleged obvious error. And even if McGill's assertion of obvious error is true, he fails to show that any error renders further proceedings useless.

The superior court's restraining order allows for the parties to seek modification of the restraints imposed, and therefore, the restraining order does not render further proceedings useless. As for the superior court's judgments awarding attorney's fees, they have no impact on the underlying TEDRA litigation.

Thus, the order denying McGills' motions to reconsider the restraining order and attorney fee awards does not render further proceedings in this case useless. Because the order denying the motions to reconsider the restraining order and attorney fee awards does not render further proceedings useless, discretionary review under RAP 2.3(b)(1) is inappropriate.

ATTORNEY FEES ON APPEAL

Garrison requests that we award attorney fees on appeal under RCW 11.96A.150 and this court's equitable power to award sanctions. McGill also requests attorney fees on appeal under RCW 11.96A.150.

RCW 11.96A.150(1) provides,

Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

This statute leaves it to the court's discretion to determine whether awarding attorney fees on appeal is equitable. We exercise our discretion and award Garrison her attorney fees on appeal, and we deny McGill his request for attorney fees.

6

No. 53501-7-II

Because the superior court's order is not an appealable order under RAP 2.2 and we decline to grant discretionary review of the order under RAP 2.3(b), we dismiss McGill's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.<br>Lee, C.J.

We concur:

_____<br>Maxa, J.

_____<br>Siddoway, J.P.T.[1]

---

[1] Judge Siddoway is a Division III judge serving with the Court of Appeals, Division II, under CAR 21(a).