[No. 37053.    Department Two.    August 27, 1964.]

MILTON J. ESTES *et al., Respondents,* v. ROBERT L. BEVAN, *Appellant.**

*Ferguson & Burdell* and *W. Wesselhoeft,* for appellant.

*Bianchi & Tobin* and *Gordon R. Tobin,* for respondents.

DONWORTH, J.—Appellant conceded liability, so that the only issue on appeal, as in the trial court, concerns the damages for injuries suffered by respondent, Milton J. Estes, as the result of a head-on automobile collision in January, 1961.

The trial court, sitting without a jury, after hearing the evidence presented, awarded damages to Milton J. Estes and Hazel Estes separately for personal injuries, and to both of them for damages to their automobile. This appeal is only from that part of the judgment entered awarding to Mr. Estes the sum of $10,488.15. Appellant,

*Reported in 395 P. (2d) 44.

in his brief, is asking for a new trial on the issue of damages.

Appellant first assigns error to the trial court's entry of finding of fact No. 3, which is as follows:

"III. That as a direct and proximate result of the aforesaid automobile collision and negligence of defendant, plaintiff Milton J. Estes sustained a very painful injury to his left shoulder, joint and soft tissues surrounding the same, as well as to his left arm. *Further, that Milton J. Estes now has a very painful left shoulder joint with approximately 15% permanent partial disability of the same.* Further, that prior to the automobile collision involved herein, said plaintiff had no prior difficulty with said shoulder and was in very sound health. That Milton J. Estes will have future pain and suffering by reason of said disability in said shoulder." (Emphasis supplied by appellant.)

The italicized portion of the finding of fact contains the only findings to which appellant objects. He claims that there is not substantial evidence to support such a finding.

■ After considering the record on appeal, we cannot agree with appellant's contention. There was a conflict in the expert testimony given by respondent's family doctor and the doctor who examined respondent at appellant's request for the purpose of testifying at the trial. The trial court resolved the conflict in testimony and did not err in entering the above finding of fact, because there is substantial evidence to support the finding that a painful disability to respondent's left shoulder existed with approximately 15 per cent permanent partial disability thereof. *Malstrom v. Kalland,* 62 Wn. (2d) 732, 384 P. (2d) 613 (1963).

Appellant contends that this is one of the rare cases in which a factual appeal is justified. We disagree because we find nothing in this record to warrant our disregarding the rule stated in *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 343 P. (2d) 183 (1959), and *Malstrom v. Kalland, supra.* This case involves only a factual dispute regarding the question of general damages.

Appellant next assigns error to the following conclusion of law No. 2.

"That plaintiff Milton J. Estes should be awarded general damages for the aforesaid personal injuries in the sum of $10,000.00, plus his special damages of $488.15."

The above conclusion of law is in effect a finding of fact, and appellant objects only to the portion of the conclusion or finding that Mr. Estes be awarded general damages in the sum of $10,000. Appellant claims that there is no finding to support the award nor is it supported by substantial evidence, and, therefore, he is entitled to a new trial on the issue of damages. No error is claimed as to the award of $488.15 as special damages, so it need not be considered.

Since finding of fact No. 3 is supported by substantial evidence, we can conclude that Mr. Estes has suffered certain compensable injuries. The determination of the proper amount of general damages which reasonably compensate a party for his personal injuries is a difficult question. There is no precise formula for making an award of such damages. This same question was under consideration in *Malstrom v. Kalland, supra,* where we said, at page 736:

" . . . When the injury is to property the test is whether the damages awarded are within the range of the testimony presented. *Steele v. Queen City Broadcasting Co.,* 54 Wn. (2d) 402, 409, 341 P. (2d) 499 (1959); *Becwar v. Bear,* 41 Wn. (2d) 37, 41, 246 P. (2d) 1110 (1952). When the injury is to a person, causing pain, suffering, and permanent disability, this guideline is most indefinite."

We think there is competent evidence from which the trial court could reasonably make a finding of general damages. According to the evidence presented and the findings of the trial court, the award does not seem unreasonable to us. Appellant has not suggested any amount which he considers to be a reasonable sum to be awarded respondent as general damages. He is asking for a new trial on this issue. The question of any possible reduction as an alternative to granting a new trial is, therefore, not before this court.

Appellant's remaining assignments of error are covered by the foregoing discussion and, therefore, need not be considered separately.

There being no error in the trial court's determination of the amount of general damages in this case, the judgment appealed from is hereby affirmed.

OTT, C. J., FINLEY and WEAVER, JJ., and DENNEY, J. Pro Tem., concur.