[No. 60307-3.   En Banc.   July 21, 1994.]

DEAN DAYTON, *Respondent*, v. FARMERS INSURANCE GROUP, *Appellant*.

*Burgess, Fitzer, Leighton & Phillips, P.S.,* by *Timothy R. Gosselin,* for appellant.

*Ben F. Barcus, Mark A. Schneider,* and *Law Offices of Ben F. Barcus,* for respondent.

*William R. Hickman* and *Pamela A. Okano* on behalf of State Farm Automobile Insurance and State Farm Fire & Casualty Cos., amici curiae for appellant.

*Sidney R. Snyder, Jr.,* and *Ronald S. Dinning* on behalf of PEMCO, Safeco, Unigard, and Mutual of Enumclaw Insurance Cos., amici curiae for appellant.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amicus curiae for respondent.

JOHNSON, J. — At issue in this case is whether an insured is entitled to attorney fees incurred in a UIM arbitration proceeding to determine damages. In the action to confirm the arbitration award, the trial court awarded attorney fees pursuant to *Olympic S.S. Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991). We reverse the award of attorney fees. The Superior Court exceeded its authority in awarding attorney fees, which are not recoverable under *Olympic Steamship* in UIM arbitrations.

## FACTS

Dean Dayton was injured in an automobile collision with an uninsured motorist on April 27, 1990. Dayton carried automobile insurance through Farmers Insurance Group (Farmers). The policy included uninsured/underinsured motorist (UIM) coverage and personal injury protection (PIP) coverage. Farmers began paying for Dayton's medical bills under the terms of his PIP coverage.

In September 1992, Dayton sought to settle the UIM claim. Farmers did not dispute liability. However, Dayton and Farmers were unable to agree on the value of the UIM claim. After negotiations, Dayton's demand stood at $16,000. Farmers' briefs indicate it had offered $10,000. Mr. Dayton demanded arbitration pursuant to the terms of Dayton's policy, which provided:

> If an insured person and we do not agree (1) that the person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle, or (2) as to the amount of payment under this Part, either that person or we may demand that the issue be determined by arbitration.

Clerk's Papers, at 23.

The arbitration panel awarded Dayton $19,000, in addition to the medical bills Farmers had already paid under the PIP coverage. The panel also awarded costs and arbitrators' fees.

Dayton filed a petition in superior court seeking entry of judgment. In the petition Dayton requested attorney fees. The court awarded $9,167.76 in attorney fees, "pursuant to *Olympic Steamship*". Clerk's Papers, at 119. The attorney fee award covered both the arbitration and the action to confirm the arbitration.

Farmers did not oppose entry of judgment on the arbitration award, and paid $19,000 into the court registry. Farmers appeals the award of attorney fees directly to this court. The appeal presents the issue of whether attorney fees are recoverable in a UIM arbitration to determine damages.

### Analysis

■ In Washington, arbitration proceedings are controlled by statute. RCW 7.04. The statutes governing arbitration strictly limit the superior court's authority to review the arbitration award. *Barnett v. Hicks*, 119 Wn.2d 151, 153-54, 829 P.2d 1087 (1992). The superior court may either confirm, vacate, modify, or correct an arbitration award for the specific reasons set forth in RCW 7.04.150-.170. *ACF Property Mgt., Inc. v. Chaussee*, 69 Wn. App. 913, 918, 850 P.2d 1387 (citing *Barnett*, 119 Wn.2d at 156), *review denied*, 122 Wn.2d 1019 (1993). The superior court's authority is limited to

these actions, and the court must confirm the award if it is not modified, vacated, or corrected. *Thorgaard Plumbing & Heating Co. v. County of King,* 71 Wn.2d 126, 132, 426 P.2d 828 (1967). The court does not have collateral authority to go behind the face of an award and determine whether additional amounts are appropriate. *Westmark Properties, Inc. v. McGuire,* 53 Wn. App. 400, 404, 766 P.2d 1146 (1989).

■ In this case, the arbitration award included the arbitrators' fees pursuant to *Kenworthy v. Pennsylvania Gen. Ins. Co.,* 113 Wn.2d 309, 779 P.2d 257 (1989). The arbitration panel did not include attorney fees in its award. The Superior Court's award of attorney fees at the subsequent hearing to confirm the award did not meet the criteria for correction or modification of an award as set forth in RCW 7.04.170. The court exceeded its authority in awarding the attorney fees. Thus, we reverse the Superior Court's award of attorney fees.

■ Nor could the arbitrators have properly awarded attorney fees under *Olympic Steamship* had the issue been submitted to arbitration. Washington follows the American rule in awarding attorney fees. Under that rule, a court has no power to award attorney fees as a cost of litigation in the absence of contract, statute, or recognized ground of equity providing for fee recovery. *State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 113-14, 111 P.2d 612 (1941). We have recognized a narrow exception to this rule where the specific facts and circumstances warrant. *Olympic Steamship* presented such a situation.

This case presents an entirely different set of circumstances. Coverage is not an issue; Farmers accepted coverage. Unlike the insured in *Olympic Steamship,* Mr. Dayton has not compelled Farmers to honor its commitment to provide coverage. Instead, this case presents a dispute over the value of the claim presented under the policy. Such disputes are not properly governed by the rule in *Olympic Steamship.*

Compensatory damage awards are highly individual, and depend on the facts of the particular case. We have no precise valuation formula with which to calculate awards. *Estes*

*v. Bevan*, 64 Wn.2d 869, 871, 395 P.2d 44 (1964). This is particularly true in personal injury recoveries. Even in cases where the facts appear similar, juries vary greatly in their estimates of what constitutes adequate compensation for certain types of pain and suffering. *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 266, 840 P.2d 860 (1992). Legitimate differences of opinion in the value of a claim negotiated in good faith do not deprive an insured of the benefit of coverage bargained for and mandated by statute. In this case, once coverage was accepted by Farmers, Mr. Dayton received the benefit of his bargain when Farmers submitted to arbitration as provided for by the policy.

In fact, providing attorney fees in a UIM arbitration to determine damages would give the insured *more* than he or she contracted for. We have often repeated the purpose of the UIM statute is to place the insured in the same position as if the tortfeasor carried liability insurance. *Kenworthy*, 113 Wn.2d at 314. Thus, the insurance carrier stands in the shoes of the uninsured motorist to the extent of the carrier's UIM policy limits. The injured party is not entitled to be put in a better position by having been struck by an uninsured motorist as opposed to an insured motorist. *Keenan v. Industrial Indem. Ins. Co.*, 108 Wn.2d 314, 321, 738 P.2d 270 (1987). Accordingly, UIM carriers are not compelled to pay when the same recovery could not have been obtained from the uninsured tortfeasor. *Keenan*, 108 Wn.2d at 321.

When a tortfeasor carries insurance, the claimant insured bears his or her own attorney fees in the arbitration proceeding. *Kenworthy*, 113 Wn.2d at 315. Thus, when the UIM insurer stands in the shoes of the uninsured tortfeasor, the claimant insured should likewise bear his or her own attorney fees. Recovery of attorney fees in a UIM arbitration constitutes an amount greater than that available from an insured tortfeasor. This is not consistent with the purpose of UIM insurance, or the statutes governing UIM coverage. Unlike the insured in *Olympic Steamship*, Mr. Dayton seeks to compel more than the benefits of purchased coverage.

We hold the Superior Court erred in awarding attorney fees and the rule of *Olympic Steamship* does not extend to UIM arbitration proceedings. We reverse the Superior Court and vacate the award of attorney fees.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, SMITH, GUY, and MADSEN, JJ., concur.

Reconsideration denied September 16, 1994.