FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE CHRISTENSEN FIRM, a Washington Sole propriertorship, Plaintiff - Appellant, v. CHAMELEON DATA CORPORATION, a Washington Corporation; DEREK S. DOHN, an individual, Defendants - Appellees. | No. 08-35624 D.C. No. 2:06-cv-00337-TSZ MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted August 2, 2010
Seattle, Washington

Before: CANBY, NOONAN and BERZON, Circuit Judges.

The Christensen Firm appeals the judgment of the district court in favor of

Chameleon DATA Corporation and its owner Derek Dohn ("defendants"). We

affirm the judgment.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Breach of fiduciary duty.  After a trial on the merits, the defendants won a jury verdict.  Therefore, the district court's denial of summary judgment is not reviewable.  *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 877–78 (9th Cir. 2000).

Violation of the Anticybersquatting Consumer Protection Act (ACPA).  The Christensen Firm did not present sufficient evidence of secondary meaning of its domain names.  *See Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns Inc.*, 198 F.3d 1143, 1151–52 (9th Cir. 1999).  The Christensen Firm's evidence of third-party registrations of similar marks did not identify the goods or services associated with the similar marks or the basis for their registration.  *See Lahoti v. Vericheck, Inc.*, 586 F.3d 1190, 1199, 1201 (9th Cir. 2009).  The Law Firm also didn't present evidence that anyone in the relevant class of consumers ascribed any meaning to "cc" other than "Colleen Christensen."  *See Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005).  The district court otherwise properly ruled that the defendants were entitled to summary judgment.  *See Lahoti*, 586 F.3d at 1195 ("[A] district court's classification of a trademark's strength is a factual determination to which we apply clear error review.").

Conversion.  The damages presented were the fees The Christensen Firm could have generated had its energies not been devoted to this case.  These

damages were essentially the attorneys' fees a non-lawyer would have expended to litigate the action. Under Washington law, such attorneys' fees are not recoverable. *See Dayton v. Farmers Ins. Group*, 876 P.2d 896, 897–98 (Wash. 1994). Other evidence of damages and the possibility of injunctive relief were not fairly presented in opposition to the defendants' motion for judgment as a matter of law.

**AFFIRMED**.

3