DUPRIS, C.J.
SUMMARY
Defendant/Appellant Olney (Olney) was charged by criminal complaint on December 14, 2010. On the same day she was appointed services of the Public Defender’s Office. The Order Appointing Public Defender included imposition of a $75.00 attorney fee. Olney went to trial on March 15, 2011. After the Prosecution’s case in chief, Olney moved for a directed verdict. The motion was granted and an Order Dismissing the case entered, with the provision that the case would not be dismissed until the $75 fee was paid. Olney timely filed a Notice of Appeal, citing several issues. This opinion will only discuss and decide the issue of attorney fees. The other issues will be decided in a separate order.
Defendant/Appellant Desautel (Desau-tel) was charged by criminal complaint on December 27, 2010. That same day, the Public Defender’s Office was appointed to represent Desautel. The Order Appointing Public Defender included imposition of a $200.00 attorney fee. Appellant went to trial, was found not guilty by a jury, and an Order Dismissing Case was entered on
*208 April 5, 2011. The Order included a provision that the case would not be dismissed until the $200.00 was paid by the Defendant/Appellant. Defendant/Appellant timely appealed.
Based on the reasoning below, we reverse the imposition of attorney fees and remand.
STANDARD OF REVIEW
The issue before this Court is a question of law, therefore we will review de novo, Simmons v. CCT, 6 CCAR 30, 3 CTCR 45, 29 ILR 6065, — Am. Tribal Law - (2002); Palmer v. Millard, et al., 3 CCAR 26, 2 CTCR 14, (1996); Naff v. CCT, 2 CCAR 50, 2 CTCR 8, 22 ILR 6031 (1995).
ISSUE [1]
Does the Trial Court have authority to collect attorney fees before entering a not guilty verdict?
DISCUSSION
Appellants in both of these cases argue that the requirement of attorney fees being paid before a case will be dismissed is a violation of due process. Desautel was found not guilty by a jury at trial. Olney moved for a directed verdict and the trial judge granted the motion. In both instances a dismissal order was entered with the stipulation that the dismissal was eon-tingent on the defendant paying an attorney fee before the dismissal would be recognized.
A review of the laws of the Tribes does not reveal any statute, court rule, contract, written procedures, or case law that allows the Trial Court to impose what it calls attorney fees in criminal cases. The Col-ville Tribal Law and Order Code (CTLOC) does authorize the imposition of attorney fees by the Court in certain civil matters, e.g. blood correction[2] and crime victim compensation[3]. Appellees have produced no statute, contract or other written document which would authorize the Court to impose attorney fees in criminal cases.
We are urged to adopt the American Rule governing awards of attorney fees. The rule prohibits recovery of attorney’s fees unless there is a specific statute empowering the court to make such an award. In Dayton v. Fanners Ins. Group, 124 Wash.2d 277, 280, 876 P.2d 896 (1994), the WA Supreme Court adopted the American Rule saying that a court has no authority to award attorney fees in the absence of a contract, statute, or recognized ground of equity providing for fee recovery. We agree. Without a written rule, the Court’s assessment of attorney fees against a defendant may appear to be arbitrary and capricious in violation of a defendant’s due process rights. We find there is no legal authority to assess “attor *209 ney fees” on defendants who are appointed a spokesman from the public defender’s office in criminal cases.
The Public Defender’s Office is independent from the court system. It appears the Court asks some questions of the defendant regarding his ability to pay a fee prior to appointing the Public Defender’s Office. There are no procedures in place which specifies how much an individual will pay, a time limit for payment and what will happen if payment is not made. More importantly, there is no direct correlation between the fee and the legal representation received by the defendants from the Public Defender’s Office. The money is placed in the Tribes’ general funds account, not the Public Defender’s Office’s account.
Other procedural problems exist under the current system. For instance, in both of the instant cases, the defendants were not given notice when the fees were due or what would happen if the fees weren’t paid. There are no procedures for challenging the fees imposed.
Appellee argues that neither the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq. (1968), nor the Colville Tribal Civil Rights Act, CTC § 1-5-1 et seq., give defendants a right to free representation by an attorney. In these cases, Desautel was questioned by the judge at arraignment and he agreed to pay the $200 attorney fee; Ms. Olney also accepted appointment of an attorney and was assessed a $75.00 attorney fee. In allowing the Court to keep a case open pending the payment of the fees, as done here, Appellee states it preserved the Court’s ability to collect the fee.
This is not a case of a guaranteed right to free counsel. The Tribes has a well-established Public Defender’s Office, which has been in place for longer than ten years. This is a matter of what fees the Trial Court may access a defendant under our laws. It is a question of what procedures are in place that meet due process standards when a Court assesses a fee. In these cases there are no laws that would allow the assessment of what the Tribal Court calls “attorneys fees” which are never given to a legal representative of the defendants. There are no procedures in place to allow for a fair and objective assessment of such fees, were they allowed to be assessed.
Our Court has long-held we will not award attorney fees without express authority. See, e.g., CCT v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (01-26-1995). (The defendant presented no law to support her position that the Court had any authority to award attorney fees in a Fish and Wildlife violation case.) It appears, and we so hold, that we already follow the American Rule. Attorney fees cannot be awarded without express written authority to award attorney fees, i.e. contract, statute, or a recognized ground of equity providing for fee recovery. The Trial Court is without authority to impose attorney fees in criminal cases in which the Public Defender’s Office is appointed, and the language requiring the payment of such fees before the judgment is final should be stricken from the judgments of both defendants herein.
Based on the foregoing, we find that the Trial Court is without authority to impose attorney fees for criminal defendants without specific authorization, and we REVERSE and REMAND to the Trial Court for action consistent with this decision.
It is so ORDERED.

. Initially there was a second issue, but the parties abandoned it when they submitted their proposed briefing schedule and statement of issues.

. CTLOC 8-1-207, Court Costs, Attorney Fees. If the Court rules against an appellant in any appall under this Chapter, the appellant shall pay all court costs and the reasonable attorney fees of the Tribes expended in defending against the appeal. If the Court rules for an appellee in any appall under this section, each party shall bear his or her own expenses— unless there is a finding that the Tribes acted in bad faith in disenrolling or refusing to enroll. Emphasis added.

.CTLOC 3-5-21, Costs in Civil Actions. The Tribal Court may access the accruing costs of the litigation against the person against whom judgment is rendered. Such costs may include the expenses of voluntary witnesses for which either party may be responsible under this Chapter, attorney fees, and any other incidental expenses or fees connected with the procedure required as the Tribal Court may direct. Emphasis added.