**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS ILYIA,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>MAROUN N EL KHOURY, AKA Maroun N El-Khoury, AKA Maroun N Elkhoury, AKA Maroun N Khoury,<br><br>     Defendant-Appellee. | No. 14-35523<br><br>D.C. No. 2:11-cv-01593-RSL<br><br>MEMORANDUM* |
| ELIAS ILYIA,<br><br>     Plaintiff-Appellee,<br><br> v.<br><br>MAROUN N EL KHOURY, AKA Maroun N El-Khoury, AKA Maroun N Elkhoury, AKA Maroun N Khoury,<br><br>     Defendant-Appellant. | No. 14-35770<br><br>D.C. No. 2:11-cv-01593-RSL |

Appeals from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 5, 2016[**]
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Elias Ilyia appeals the district court's judgment following an adverse jury verdict in his diversity action against Maroun El Khoury.  El Khoury appeals the district court's order denying his motion for attorneys' fees.  We have jurisdiction over both appeals pursuant to 28 U.S.C. § 1291, and we affirm.

**1.**  The district court did not err in finding that Ilyia's expert opinion was not reliable or helpful.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–95 (1993).  Under Federal Rule of Evidence 702, Ilyia's proffered expert testimony must be based on sufficient facts and be the product of reliable methods.  *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 592–95.  Ilyia, however, failed to provide any supporting material to show that the expert's limited review of Ilyia's psychiatric status—based primarily on a few interviews and the recollections of a narrow selection of people—was sufficient or that it followed accepted methodologies.  While the expert may have been qualified to diagnose Ilyia's psychiatric status,

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Because the parties are familiar with the facts, we do not recite them except as necessary to explain our decision.

2

there is no evidence that psychiatrists routinely form reliable opinions based on such a limited review of a patient's mental history. Therefore, the district court did not abuse its discretion. *See United States v. Cohen*, 510 F.3d 1114, 1123 (9th Cir. 2007).

The district court also did nor err in limiting Ilyia's expert testimony after finding that only part of it would be helpful to the jury. While "[a]n opinion is not objectionable just because it embraces an ultimate issue," Fed. R. Evid. 704(a), Ilyia's proffered expert testimony—that Ilyia was not competent to enter into the contractual agreements—would not have been helpful to the jury. The opinion simply concluded how the jury should find, *see Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004), rather than providing evidence that would support such a conclusion. As such, the district court did not abuse its discretion in limiting Ilyia's expert testimony to only those facts that would assist the jury in resolving the competency issue.

Further, the district court did not abuse its discretion in refusing to allow Ilyia to impeach the testimony of El Khoury and El Khoury's witnesses. *See United States v. Osazuwa*, 564 F.3d 1169, 1173 (9th Cir. 2009). The opening-the-door doctrine may allow parties "to introduce evidence on the same issue to rebut

3

any *false* impression that might have resulted from [an] earlier admission," *United States v. Sine*, 493 F.3d 1021, 1037 (9th Cir. 2007) (quoting *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988)), but it does not allow Ilyia to disregard the rules and introduce evidence that is highly prejudicial and unreliable, *see id.* The challenged El Khoury testimony was limited to general family, work history, and educational background material. It clearly did not create any false impressions. Thus, the district court had ample justification for excluding related impeachment evidence. *United States v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011).

**2.** The district court did not err in holding that there was no contractual basis to award attorneys' fees and costs to El Khoury under Washington law. While the underlying action may involve a number of contracts, *see Dayton v. Farmer Ins. Grp.*, 876 P.2d 896, 897–98 (Wash. 1994) (noting that Washington courts cannot award attorneys' fees in absence of a contract, statute, or recognized ground of equity), the attorneys' fees provisions in the Stock Pledge Agreements and the Promissory Note only apply in limited circumstances.

Under both the Stock Pledge Agreements and the Promissory Note, fees and costs are to be awarded in the case of default or in relation to a party's attempt to

enforce payment. The underlying action here, however, involves an attempt to unwind the business transaction on the ground of incompetence to contract. Thus, the fee provisions do not apply, and the district did not err in denying attorneys' fees and costs to El Khoury.

Each party shall bear its own costs.

**AFFIRMED.**