

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>C. DEWAYNE LUCKETT, a Washington resident,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation doing business in Washington,<br><br>              Defendant-Appellee.</td><td>No. 20-35337<br><br>D.C. No. 2:19-cv-00170-RAJ<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 1, 2021[**]
Seattle, Washington

Before: TASHIMA, RAWLINSON, and BYBEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-appellant C. Dewayne Luckett appeals the district court's entry of summary judgment in favor of defendant-appellee State Farm Auto Insurance Company on Luckett's declaratory relief and bad faith claims arising out of his claim for Underinsured Motorist (UIM) benefits from his State Farm policy.[1] We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo and may affirm the district court on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009) (citation omitted). We affirm.

The district court correctly determined that Luckett was not entitled to UIM benefits under his policy because he had already received all that he was "legally entitled to recover" through settlement. *See* Wash. Rev. Code § 48.22.030(1). The purpose of UIM coverage is to "place the insured in the same position as if the tortfeasor carried [adequate] liability insurance." *Dayton v. Farmers Ins. Grp.*, 876 P.2d 896, 898 (Wash. 1994) (en banc). Luckett received the entire amount of the damages he was awarded through a post-judgment settlement, except for a small portion, which he waived to satisfy the judgment in his favor. Allowing Luckett to

---

[1] Luckett also brought claims under Washington's Insurance Fair Conduct Act (Wash. Rev. Code § 48.30.015) and Consumer Protection Act (Wash. Rev. Code § 19.86.090). Luckett did not raise these issues in his opening brief, and has waived them on appeal. *See Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir. 2000).

also recover UIM benefits would contravene Washington law by effectively allowing him a double recovery and would place him in a better position by having been struck by an underinsured driver as opposed to an adequately insured driver. *See id.*; *Ellwein v. Hartford Accident & Indem. Co.*, 15 P.3d 640, 647 (Wash. 2001) (en banc), *overruled on other grounds by Smith v. Safeco Ins. Co.*, 78 P.3d 1274 (Wash. 2003) (en banc).

Further, Luckett was not entitled to receive UIM benefits for damages arising out of his own contributory negligence. In Washington, UIM coverage "extends no farther than the legal liability of the involved tortfeasors, if any." *Allstate Ins. Co. v. Dejbod*, 818 P.2d 608, 611 (Wash. Ct. App. 1991). Standard liability insurance and UIM coverage work in tandem to "fully compensate claimants for those amounts that they are legally entitled to recover from liable tortfeasors." *Id.* (citations omitted). Once Luckett accepted the settlement agreement in exchange for satisfaction of judgment, he was no longer legally entitled to damages from the tortfeasor. *See Dayton*, 876 P.2d at 898 ("UIM carriers are not compelled to pay when the same recovery could not have been obtained from the [under]insured tortfeasor." (citation omitted)). The judgment being satisfied, Luckett was no longer legally entitled to recover from his UIM policy.

The district court properly rejected Luckett's bad faith claim. The insurer in a UIM dispute must deal with its insured "fairly and in good faith." *Ki Sin Kim v. Allstate Ins. Co., Inc.*, 223 P.3d 1180, 1192 (Wash. Ct. App. 2009); *see also* Wash. Rev. Code § 48.01.030. However, the insurer need not elevate the insured's needs above its own and does not breach its duty if there is a reasonable explanation for its actions. *See Keller v. Allstate Ins. Co.*, 915 P.2d 1140, 1145 (Wash. Ct. App. 1996). State Farm's denial of Luckett's UIM claim was not only reasonable, it was correct. And the declarations Luckett submitted to support his bad faith claim did not overcome the fact that he was not legally entitled to recover UIM benefits, nor did they demonstrate an issue of fact regarding State Farm's claims-handling procedures. Thus, the district court did not err in granting summary judgment on Luckett's bad faith claim.[2]

Last, the district court did not err by refusing to certify a question regarding State Farm's setoff to the Washington Supreme Court. A federal court may certify questions of state law to the Washington Supreme Court if the disputed issue is not "clearly determined" and is "necessary . . . to dispose of [the case]." Wash. Rev.

---

[2] The district court appropriately exercised its discretion to deny Luckett's request for additional discovery under Federal Rule of Civil Procedure (FRCP) 56(d) as it was unlikely that further discovery would have generated a genuine issue of material fact. *See SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018).

Code § 2.60.020; *Amaker v. King County*, 540 F.3d 1012, 1015 (9th Cir. 2008).

Certification is optional, however, and a district court's refusal to certify a question

is reviewed for abuse of discretion. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589

F.3d 999, 1009 (9th Cir. 2009). As discussed, the district court's interpretation of

Washington law—and its refusal to certify the issue to the Washington

courts—was reasonable. The district court did not abuse its discretion.[3]

**AFFIRMED.**

---

[3] We have also considered whether we should certify a question to the Washington Supreme Court and have concluded that certification of any state law question is "[un]necessary . . . to dispose of [this case]." *See* Wash. Rev. Code § 2.60.020.