# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DEBBY RATTY,

          Respondent,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY, a foreign insurer doing
business in the State of Washington,

          Appellant.

No. 84061-4-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Debby Ratty sued her insurer, Progressive Direct Insurance Company (Progressive), to obtain the full benefits of her insurance policy. Two years later, Progressive tendered the full policy benefit to Ratty and obtained a summary judgment dismissal of her breach of contract claim. Progressive now appeals the trial court awarding Ratty attorney fees and costs. Finding no error, we affirm.

## FACTS[1]

In 2013 Ratty was the passenger in a car that was hit from behind by another vehicle. Ratty suffered injuries to her neck and back as well as exacerbated an existing

---

[1] Progressive assigns error to the trial court granting Ratty's motion for fees and costs, but does not otherwise assign error to any of the trial court's findings of fact or present meaningful argument as to the court's findings. Unchallenged findings of fact are verities on appeal. Real Carriage Door Co. v. Rees, 17 Wn. App. 2d 449, 457, 486 P.3d 955, review denied, 198 Wn.2d 1025, 497 P.3d 394 (2021).

Citations and pin cites are based on the Westlaw online version of the cited material.

diagnosis of depression, anxiety, and posttraumatic stress disorder. As a result, Ratty was unable to continue her work as a social worker at Harborview Medical Center. Ratty subsequently settled with the insurance company who insured the driver who caused the accident. However, that driver's insurance policy was unable to cover all of the medical treatment Ratty required following the accident.

At the time of the accident, Ratty had a $100,000 underinsured motorist (UIM) policy with Progressive. In July 2017, Ratty made a claim with Progressive for the full policy limit of her UIM coverage. Ratty's counsel began discussion with Progressive through their agent in August 2017. Ratty continually provided medical documentation and Progressive discounted it. For two years following that claim, Progressive made no offer to pay, but monitored Ratty's injuries and evaluated its liability on the claim. In 2019, Ratty's attorney sent a letter to Progressive summarizing the expenses related to the collision and providing documentation. In a response, Progressive stated that it needed additional information before it could assess the value of her claim.

In November 2019, Ratty filed suit against Progressive claiming that Progressive had breached an insurance contract and requesting the full policy benefit of $100,000 along with attorney fees and costs. Ratty and Progressive engaged in discovery and the litigation continued for several years, with a trial date ultimately set for March 28, 2022.

In January 2022, Progressive tendered payment of the full policy amount to Ratty. Progressive then moved for summary judgment because Ratty had received the full benefit of the contract. Progressive requested that the trial court grant its motion to dismiss the breach of contract claim without awarding fees and costs. The trial court

granted Progressive's motion to dismiss, but denied its request to do so without fees and costs. Instead, it granted Ratty leave to bring a motion for fees and costs.

Ratty moved for attorney fees under Olympic S.S. Co. v. Centennial Ins. Co., 117 Wn.2d 37, 811 P.2d 673 (1991), and costs under RCW 4.84.030. Progressive filed a motion in opposition that included the same arguments it raises in this appeal. The trial court granted attorney fees under Olympic Steamship, explaining:

> With respect to attorneys' fees, Progressive's intransigence unfairly increased the costs of this litigation to plaintiff. The court finds that under Olympic Steamship Co[.] [ v.] Centennial Ins. Co, 117 Wn.2d 37, 54 (1991) and principles of equity, the plaintiff should not have to bear the burden of her legal action to obtain the benefits of the insurance contract. According to the unrefuted declarations presented to the court, Plaintiff's counsel began discussion with Progressive through their agent on or about August 8, 2017. Plaintiff continually provided medical documentation and progressive discounted it. In December 2021 after Summary Judgments were filed and continuances granted, Progressive deposed plaintiff's doctors and offered the plaintiff her full UIM contract benefit. The Plaintiff was forced to file suit to get the benefits of her insurance contract and under principles of equity she should not have to pay the legal fees for that.

The court also found Ratty to be the prevailing party under RCW 4.84.030 and RCW 4.84.015 and that "the statutory requirement of notice for costs in RCW 4.84.015(b) was met by including a demand for costs in the Complaint."

Progressive appeals.

DISCUSSION

Standard of Review

The standard of review for an award of costs and attorney fees is a two-step process. Estep v. Hamilton, 148 Wn. App. 246, 259, 201 P.3d 331 (2008). We first review a trial court's legal basis for awarding attorney fees de novo. Cook v. Brateng, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014). Trial courts may award a party attorney

3

fees and costs when authorized by a contract, statute, or a recognized ground in equity. Berryman v. Metcalf, 177 Wn. App. 644, 656, 312 P.3d 745 (2013). If there is authority to award fees and costs, we then review the decision to award those fees and costs under an abuse of discretion standard. Cook, 180 Wn. App. at 375.

### Attorney Fees

Progressive first challenges the trial court's award of attorney fees to Ratty under Olympic Steamship. Progressive argues that the dispute was not over coverage, but the value of the claim, making Ratty ineligible for attorney fees under the doctrine. We disagree.

The Washington State Supreme Court has recognized that an insured party has the right to recover its attorney fees when an insurer "refuses to defend or pay the justified action or claim of the insured." Olympic Steamship, 117 Wn.2d at 52. Under Olympic Steamship, an award of attorney fees is authorized where the claims are for coverage, rather than for the value of the claim. Woo v. Fireman's Fund Ins. Co., 150 Wn. App. 158, 175-76, 208 P.3d 557 (2009). Coverage disputes include issues regarding the "application of an insurance policy," and the "scope" or "extent of the benefit" in an insurance contract. Colorado Structures, Inc. v. Ins. Co. of the W., 161 Wn.2d 577, 606, 167 P.3d 1125 (2007); Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 147, 930 P.2d 288 (1997). Where coverage is at issue, all that is necessary to recover fees under Olympic Steamship, is that the "insurer compels the insured to assume the burden of legal action to obtain the full benefit of the insurance contract." Leingang, 131 Wn.2d at 148-49.

Here, the trial court found "under Olympic Steamship Co[.] [v.] Centennial Ins.

4

Co., 117 Wn.2d 37, 54 (1991) and principles of equity, the plaintiff should not have to bear the burden of her legal action to obtain the benefits of the insurance contract."

Progressive argues that this was not a coverage dispute and was "a mere dispute over the value of the claim presented under a UIM policy." Progressive cites Dayton v. Farmers Ins. Group for support, arguing that it was analogous because the insurer there did not dispute liability but simply disagreed on the value of the claim. 124 Wn.2d 277, 876 P.2d 896 (1994). However, in Dayton, unlike here, Farmers both acknowledged its liability and offered to pay the insured $10,000 under the UIM policy. Id. at 279. During negotiations over the value of the claim, Dayton remained adamant that the claim should be valued at $16,000. Id. Disputes over the value of the claim are not properly governed by the rule in Olympic Steamship. Id. at 280.

Progressive does not challenge the trial court's findings that (1) "[p]laintiff continually provided medical documentation and [P]rogressive discounted it"; (2) in "December 2021 after Summary Judgments were filed and continuances granted, Progressive deposed plaintiff's doctors and offered the plaintiff her full UIM contract benefit"; (3) the "[p]laintiff was forced to file suit to get the benefits of her insurance contract"; and (4) "Progressive's intransigence unfairly increased the costs of this litigation to plaintiff." Progressive also fails to cite to the record to support its argument that the dispute was only about value of the claim and not coverage. Its entire argument rests on one unsupported conclusory sentence: "Progressive never denied coverage; the question was always about the amount of benefits she was entitled to recover." RAP 10.3(a)(6) requires an appellant's brief to contain "argument in support of the issues presented for review, together with citations to legal authority and

5

references to relevant parts of the record." We are not required to address arguments not supported by citation to the record or meaningful legal authority. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

The trial court did not abuse its discretion in awarding attorney fees to Ratty under Olympic Steamship and the principles of equity.

Costs

Progressive next argues that the trial court erred in awarding costs because Ratty did not satisfy RCW 4.84.015(1)(b) to be considered the prevailing party. We disagree.

We review questions of statutory construction de novo. Dep't of Labor & Indus. v. Granger, 159 Wn.2d 752, 757, 153 P.3d 839 (2007). "The primary goal of statutory construction is to carry out legislative intent. If a statute is plain and unambiguous, its meaning must be primarily derived from the language itself." Cockle v. Dep't of Labor & Indus., 142 Wn.2d 801, 807, 16 P.3d 583 (2001). The plain meaning is "discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 11, 43 P.3d 4 (2002). If the meaning is plain on its face, then the court must give that plain meaning effect. Id. at 9-10. "Statutory construction cannot be used to read additional words into the statute." Densley v. Dep't of Ret. Sys., 162 Wn.2d 210, 219, 173 P.3d 885 (2007).

RCW 4.84.030 provides in relevant part "in any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursement." RCW 4.84.015, adopted in 2009, was a specialized statutory provision that sought "to

define the plaintiff as the prevailing party if the plaintiff notifies the defendant prior to trial that any recovery will include costs, and the defendant then makes a full or partial payment prior to trial." See generally 15A DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 71.2 (2023 ed.). RCW 4.84.015 provides

> (1) in any civil action for the recovery of money only, the plaintiff will be considered the prevailing party for the purpose of awarding costs, including a statutory attorney fee, if: (a) The defendant makes full or partial payment of the amounts sought by the plaintiff prior to the entry of judgment; and (b) before such payment is tendered, the plaintiff has notified the defendant in writing that the full or partial payment of the amounts sued for might result in an award of costs.
>
> . . . .
>
> (4) This section may not be construed to (a) authorize an award of costs if the action is resolved by a negotiated settlement or (b) limit or bar the operation of cost-shifting provisions of other statutes or court rules.

Progressive asserts that Ratty does not meet the definition of a prevailing party because "she did not provide written notification that full or partial payments of the amounts sued for might result in an award of costs."

The plain language of RCW 4.84.015(1)(b) requires the plaintiff notify the defendant in writing that the amounts sued for might result in an award of costs. In her initial complaint, Ratty provided written notice that she sought "judgment against the defendant . . . [f]or costs and disbursements, including reasonable attorney fees."

It appears Progressive's argument suggests that the statute requires an additional written notice prior to Progressive actually tendering the policy limit to Ratty.[2]

---

[2] Though we need not engage in statutory interpretation because the plain text of the statute is not ambiguous, we observe that Progressive attempts to use RCW 4.84.015 as a sword against plaintiffs when it was designed to protect plaintiffs. "According to Bill Reports and other published legislative history, the provisions were sought by the collection industry to make it clear that if a collection agency sues to recover a debt, and if the debtor makes a full or partial payment prior to trial, the collection agency is entitled to recover statutory costs." See generally

However, Progressive cites no authority to support this argument. Where a party fails to cite to relevant authority, we generally presume that the party found none. State Constr., Inc. v. City of Sammamish, 11 Wn. App. 2d 892, 906, 457 P.3d 1194 (2020) (citing Edmonds Shopping Ctr. Assocs. v. City of Edmonds, 117 Wn. App. 334, 353, 71 P.3d 233 (2003)).

Moreover, RCW 4.84.015(4)(b) provides that this section may not be construed to limit or bar the operation of cost-shifting provisions of other statutes or court rules. RCW 4.84.030 requires that in any civil action in the superior court, the prevailing party "shall" be entitled to costs and disbursement. Ratty, prevailed under Olympic Steamship and was awarded attorney fees.[3] Thus, RCW 4.84.030 also provided a basis to award costs.

The trial court did not abuse its discretion in awarding Ratty costs as the prevailing party.

## Attorney Fees on Appeal

Ratty requests fees on appeal under RAP 18.1. She cites Hwang v. McMahill, 103 Wn. App. 945, 954, 15 P.3d 172 (2000) (a party is entitled to an award of attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party is the substantially prevailing party on appeal). We grant Ratty attorney fees on appeal under the principles of equity outlined in Olympic

---

15A DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 71.2 (2023 ed.).

[3] Though Ratty did not request costs under Olympic Steamship, we note that it also allows a plaintiff to recover costs incurred as the result of litigation. Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 144, 26 P.3d 910 (2001) (the purpose of Olympic Steamship is to make an insured whole, to make the plaintiff whole "'reasonable attorney fees' must, by necessity, contemplate expenses other than merely the hours billed by an attorney" and include all of the expenses necessary to establish coverage).

<u>Steamship</u>.

We affirm.

_____ Cohen, J.

WE CONCUR:

_____ Chung, J.

_____ Hazelrigg, A.C.J